United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40393
Summary Calendar

RICHARD THOMAS, doing business as
Thomas & Associates,

Plaintiff-Appellant,

versus

OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:00-CV-354
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Thomas, doing business as Thomas & Associates
(Thomas), appeals the denial of his motion for a new trial on the
basis of undisclosed juror bias. Because Thomas submitted his
motion for a new trial to the clerk of the district court in a
timely manner, his motion and his subsequent notice of appeal are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

timely.  See Green v. Administrators of Tulane Educ. Fund, 284 F.3d 642, 652-53 (5th Cir. 2002)(FED. R. CIV. P. 50 motion).

Thomas asserts that he is entitled to relief because two jurors did not reveal during voir dire their bias against oral contracts, which would have led to their dismissal for cause. Thomas has not established that the jurors in question "failed to answer honestly a material question on voir dire." McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984) (plurality).  Moreover, "a finding [of juror bias] is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province." Wainwright v. Witt, 469 U.S. 412, 428 (1985).  Thomas has not established that the district court abused his discretion in denying his motion for a new trial on the ground of juror bias.  See Lincoln v. Case, 340 F.3d 283, 290 (5th Cir. 2003).  The judgment of the district court is therefore AFFIRMED.